## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMIR WILLIAMS, | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-2598** |
| | : | |
| **DFH REALTY LLC,** *et al.* | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**PADOVA, J.**                                                    **AUGUST 18, 2021**

Plaintiff Amir Williams commenced this *pro se* action against DHF Realty LLC, Joshua Greenberger, Kimberly White, Joan Alexander, and Kenith Baritz, alleging violations of the "Federal R.I.C.O Act."  (ECF No. 1 at 3.) [1]  Before the Court had an opportunity to address Williams's Complaint, he filed an Amended Complaint, which is now the governing pleading in this case.[2]  The Amended Complaint names as Defendants Kenneth L. Baritz, Ms. Nery Burgos, Joshua Greenberger, and DHF Realty and raises claims under 28 U.S.C. § 1983 and the Racketeer Influenced Corrupt Organization Act.  The Amended Complaint also includes a request for an injunction.  (ECF No. 12 at 5, 7.)   Williams also seeks leave to proceed *in forma*

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).  Because Kimberly White and Joan Alexander are not named in the Amended Complaint, the Clerk of Court will be directed to terminate them as Defendants.

*pauperis*.  (ECF No. 2.)  For the following reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTUAL ALLEGATIONS

According to the Amended Complaint, Williams is facing eviction proceedings in Landlord-Tenant Court in Philadelphia County.  *See DFH Regency LLC v. Williams*, LT-20-09-08-3253.  DFH Regency LLC, through its counsel, Kenneth Baritz, Esquire, filed the eviction complaint against Williams in September, 2020.  On May 13, 2021, judgment was entered in favor of DHF Regency, LLC.  On August 6, 2021, a Writ of Possession was served on Williams granting him 11 days in which to vacate the premises.  A copy of the Writ is attached to the Amended Complaint.  (*See* ECF No. 12 at 10-11.)

Williams's Amended Complaint raises claims against the Defendants based on their participation in the eviction proceedings.  According to the Amended Complaint, the events at issue occurred in Philadelphia on August 6, 2020, May 13, 2021, and July 28, 2021.  (*Id.* at 6.)  Williams describes the relevant events as follows:

> 1.) DHF Realty LLC, 2.) Royal Communities, 3.) Josh Greenburger (former Manageger)  and 4.) Nery Burgos (Present Propety Manager) acted in conjunction with Kenneth L. Baritz did Conspire to Violate my Right of Due Process of Under Law.  By Filing False Monetary Amounts in Landlord Tenant Court to get a WRIT OF POSSESSION on 7/28/2021 to Falsely EVICT ME in Landlord Tenant Court in the prior Case in Landlord Tenant Court # LT-20-09-08-32-53 Case before this Court, involves the same issues that I have in My Case in Federal Court before the HONORABLE JUDGE: JOHN R PADOVA.  I'am asking for COURT FOR EMERGENTCY INJUNCTION TO BE CARRIED OUT ON AUGUST 17th 2021.  If I'AM EVICTED I WILL BE IN GRAVE DANGER OF PERISHING ON STREETS ANND WILL I WILL NO LONGER QUALIFY FOR THE 50 HOURS OF MY HOME HEALTH CARE, THAT I RECEIVE FROM MY AIDE,

> AT VITAL SUPPORT HOME HEALTH AGENTCY.  I have a
> P.H.A. Lease

(*Id.* at 7.)  Based on the foregoing, he asserts claims under the federal RICO Act, for extortion, for filing false documents with the Philadelphia Landlord Tenant Court to evict him, and for deprivation of his due process rights.  (*Id.* at 5.)  As relief, he requests an injunction to stop the ongoing eviction proceedings in state court and $500,000 in damages from Defendant Burgos. (*Id.* at 7.)  He also requests an award of $ 3.5 million for emotional and physical damages he has suffered as a result of the conduct of the Defendants.  (*Id.* at 6.)

Williams has also docketed "Exhibits" to his Amended Complaint.  (ECF Nos. 8-11.)[3] These include e-mails between Williams and Defendant Greenberger exchanged in June 2021 relating to Williams's apparent past due rent and efforts to resolve the situation.  (ECF No. 8, 8-1.)  Also included is a July 2021 email exchange between Williams and Defendant Burgos relating to Williams's balance due and Williams's stated intent to add Ms. Burgos as a Defendant in this lawsuit.  (ECF No. 8-3.)

## II.   STANDARD OF REVIEW

Because Williams is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

---

[3] ECF Nos. 9-11 are copies of documents included in ECF No. 8.

*Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).   Conclusory allegations do not suffice.  *Id.*

As Williams is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y*

*Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).  However, "pro se litigants still must allege sufficient

facts in their complaints to support a claim." *Vogt v. Wetzel*, No. 18-2622, 2021 WL 348913, at

*2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244-45 (3d Cir.

2013)).

## III.   DISCUSSION

### A.   Request for Injunction

Williams seeks an injunction to stop the ongoing eviction proceedings in state court.

This request for an injunction is barred by the Anti-Injunction Act.  *See* 28 U.S.C. § 2283.  The

Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts

except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction,

or to protect or effectuate its judgments.'"  *In re Prudential Ins. Co. of Am. Sales Practices*

*Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283)).  These exceptions should be

construed narrowly, and any doubts should be resolved in favor of permitting the state court to

proceed.  *Id.* at 103-04; *see also Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) ("[T]he Act's

core message is one of respect for state courts.").  Williams does not suggest that the requested

injunction is authorized by an Act of Congress or that it is necessary in aid of this Court's

jurisdiction, and the Court discerns no basis for finding that any exception exists.

Courts have generally concluded that "'[t]he Anti-Injunction Act precludes a federal

court from enjoining state court eviction . . . proceedings.'"  *Frankel v. Guzman*, Civ. A. No. 20-

5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (quoting *McMillan v. Nationstar Mortg.*

*Co.*, Civ. A. No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) and citing

4

authority); *see also Mercer v. Sechan Realty, Inc.*, 569 F. App'x 652, 656 (11th Cir. 2014)

("Because we conclude that none of the three exceptions to the Anti-Injunction Act applies, the

district court abused its discretion by enjoining the state court's default eviction judgment");

*Bond v. JPMorgan Chase Bank, N.A.*, 526 F. App'x 698, 702 (7th Cir. 2013) (noting, in dicta,

that "had [plaintiff in a Fair Housing Act case] requested an injunction staying

the eviction proceedings, we think it unlikely that the court would have been permitted to grant

him that relief"). Williams's assertion of a constitutional claim – his stated due process claim -

does not remove his requested injunction from the ambit of the Anti-Injunction Act. *See Atl.*

*Coast Line R.R. Co.*, 398 U.S. at 296 ("Nor was an injunction necessary because the state court

may have taken action which the federal court was certain was improper . . . .  Again, lower

federal courts possess no power whatever to sit in direct review of state court decisions.");

*Zurich Am. Ins. Co. v. Superior Court for State of California*, 326 F.3d 816, 825 (7th Cir. 2003)

("Instead of an injunction by the federal district court, the aggrieved party's recourse is by appeal

through the state court system and, ultimately, to the Supreme Court."). Williams's request for

an injunction must be denied.

**B.     Section 1983 Claim**

Williams also seeks money damages based on an alleged violation of his due process

rights by Defendants.  The vehicle by which a citizen can bring a claim for violation of his civil

rights is 42 U.S.C. § 1983.  That section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes
> to be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  As there is no allegation that any of the Defendants is a "state actor," Williams's

due process claim is not plausible and will be dismissed with prejudice.

### C.     RICO Claim

Williams alleges that the conduct of the Defendants violates the federal RICO Act.  The

RICO Act "makes it unlawful 'for any person employed by or associated with any enterprise

engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of

racketeering activity.'"  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)

(quoting 18 U.S.C. § 1962(c)).  Section 1962(d) expands liability under the statute by making it

"unlawful for any person to conspire to violate [18 U.S.C. § 1962(c)]."  18 U.S.C. § 1962(d).

Section 1964(c) allows a "person injured in his business or property by reason of a violation of

section 1962 of this chapter to bring a suit for money damages.  "In order to have standing to

litigate a civil RICO claim, a plaintiff must show that [he] suffered an injury to

[his] business or property and that the injury was proximately caused by the defendant's

racketeering activities."  *Miller v. Pocono Ranch Lands Prop. Owners Ass'n Inc.*, 557 F. App'x

141, 145 (3d Cir. 2014) (per curiam).  "[I]n construing the federal RICO law, [ the United States

Court of Appeals for the Third] Circuit has rejected the argument that personal injuries qualify as

RICO injuries to 'business or property.'" *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 323

(3d Cir. 2014) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 492 (3d Cir. 2000)).  Furthermore,

RICO does not provide a cause of action where the damages alleged are "speculative."  *Maio*,

221 F.3d at 495 (speculative damages that were "predicated exclusively on the *possibility* that future events might occur" could not form the basis of a RICO injury).

Nothing in the Amended Complaint provides a plausible basis for concluding that Williams has or will suffer a non-speculative injury to business or property that would give him standing to raise a RICO claim.  The Amended Complaint refers to emotional and physical damages, but nowhere alleges that Williams has been injured in "his business, property and livelihood."  (*See, e.g.*, ECF No. 12 at 6, 7.).

Even if he had alleged damage to his business or property, Williams's claims under the RICO statute would still not be plausible.  To state a civil RICO claim, a plaintiff must plausibly allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  The statute defines "racketeering activity" by enumerating a list of predicate acts, including conspiracy and obstruction of justice.  *See* 18 U.S.C. § 1961(1).  A pattern of racketeering activity, in turn, requires at least two predicate acts of racketeering activity.  *See* 18 U.S.C. § 1961(5).  The plaintiff must allege that "the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity."  *Tallely v. Halpern ex rel. Estate of Winderman*, Civ. A. No. 05-4184, 2005 WL 2002611, at *3 (E.D. Pa. Aug. 16, 2005) (quoting *H.J., Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 239 (1989)).  Williams alleges only one possible predicate act, namely the alleged conspiracy of the individual Defendants to file false papers in Landlord Tenant Court in an effort to evict Williams from his current housing.  (ECF No. 12 at 7.)  This single act is insufficient to allege a plausible RICO claim.  *See  Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188 (1997), (noting that "civil RICO requires not just a single act, but rather a 'pattern' of acts").

Moreover, Williams fails to make any plausible allegation of an "enterprise." The United States Supreme Court has recognized that a corporation's owner could be sued as a RICO "person" acting through the corporation as the "enterprise." *See Cedric Kushner Promotions, LTD v. King*, 533 U.S. 158, 162-63 (2001) (agreeing with the government's reading of § 1962(c) to "require some distinctness between the RICO defendant and the RICO enterprise"). However, the Court distinguished this scenario from the type of claim where a corporation is alleged to be a RICO person based on an alleged association with its own employees. *Id.* at 163-164 (citing *Riverwoods Chappaqua Corp. v. Marine Midland Bank N.A.*, 30 F.3d 339 (2d Cir. 1994)). Liberally construed, Willams alleges only that DHF Realty acted in association with property managers Greenberger and Burgos, and attorney Baritz in landlord tenant proceedings. Accordingly, Williams has not pled facts to imply the plausible existence of a RICO enterprise. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369-70 (3d Cir. 2010) (applying *Iqbal* pleading standards to allegations of a RICO enterprise). Because Williams's RICO claim is not plausible, it must be dismissed. Because it appears that any attempt to amend this claim would be futile, the dismissal will be with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002).

**D.     State law claims**

Finally, to the extent that Williams alleges claims for extortion or fraud under Pennsylvania law, having dismissed his federal law claims the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Under the diversity jurisdiction statute, a corporation is deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Williams does not allege citizenship of the parties, and provides only Philadelphia addresses for the individual Defendants. He alleges that DHF Realty, LLC is located in Pennsylvania and New Jersey. The information he has provided suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Williams has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

**IV.      CONCLUSION**

For the reasons stated, Williams's request for an injunction will be denied, and his RICO

and civil rights claims will be dismissed with prejudice for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B).  All state law claims will be dismissed without prejudice for lack of

subject matter jurisdiction.  An appropriate Order follows.

                                      **BY THE COURT:**


                                      __/s/ John R. Padova_____
                                      **JOHN R. PADOVA, J.**